TOMMASONE v. GIAQUINTO et al.

(Supreme Court, Appellate Term, First Department.   June 14, 1915.)

BILLS AND NOTES ⚖⟹517—ACTIONS—LIABILITY.

> In an action on notes, evidence *held* insufficient to show that defendant had signed the instruments or had in any way become liable thereon.
>
> [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1807–1815; Dec. Dig. ⚖⟹517.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Nicola Tommasone against Angelo Giaquinto and Rosa La Bruna. From a judgment for plaintiff, defendants appeal. Affirmed as to the first-named defendant, and reversed as to the latter.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

R. Louis Lapetina, of New York City (Eugene E. Kelly, of Brooklyn, of counsel), for appellants.

Charles M. Kiefer, of New York City, for respondent.

GUY, J. The action is brought to recover the sum of $320 money loaned. The defendant Rosa La Bruna lived with the defendant Giaquinto, though not married to him. Defendant Giaquinto admitted borrowing money on three occasions—$100 from plaintiff, and $100 on each of two other occasions from plaintiff's wife—and testified that on each occasion when he borrowed the sum of $100 he gave his note therefor to the plaintiff. These so-called notes, which are incomplete written memoranda of indebtedness signed by the defendant Giaquinto, were produced by plaintiff on notice from defendant and were offered in evidence by defendant. Defendant Giaquinto denies borrowing the additional sum of $20.

The defendant Rosa La Bruna denied absolutely that she ever received or borrowed any money either from plaintiff or plaintiff's wife, and testified that plaintiff and his wife called upon her and endeavored to induce her to sign the notes given by the defendant Giaquinto,

but that she refused to do so. Her evidence in this regard is corroborated by another witness. The evidence is sufficient to sustain the judgment against the defendant Giaquinto, but there is no credible evidence establishing a cause of action against the defendant Rosa La Bruna.

The judgment is therefore affirmed as to defendant, Giaquinto, with costs to the respondent; the judgment is reversed as to the defendant Rosa La Bruna, with costs; and the complaint as to defendant Rosa La Bruna is dismissed, with costs. All concur.